T.C. Memo. 2006-226


UNITED STATES TAX COURT


TOTAL HEALTH CENTER TRUST, BONNIE STEJSKAL, TRUSTEE, ET AL.,[1]
Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 8793-05, 8794-05,      Filed October 24, 2006.
          8795-05, 8796-05,
          8797-05.


Joe Alfred Izen, Jr., for petitioners.

Sheila R. Pattison, for respondent.


---

[1]The cases of the following petitioners were consolidated for purposes of trial, briefing, and opinion:  Country Rose Holdings Trust, Bonnie Stejskal, Trustee, docket No. 8794-05; Bio-Active Kansas Trust, Bonnie Stejskal, Trustee, docket No. 8795-05; Stejskal Enterprises Trust, Bonnie Stejskal, Trustee, docket No. 8796-05; and Kenneth W. Stejskal, Sr. and Jane Stejskal, docket No. 8797-05.

MEMORANDUM OPINION

GOEKE, <u>Judge</u>:  These cases arise from petitions for judicial review filed in response to the notices of deficiency mailed to Kenneth W. Stejskal, Sr. and Jane Stejskal and to several of their trusts.  Pursuant to a stipulation of settled issues, the income and expenses of the alleged trusts have now been collapsed into the tax liabilities of Kenneth and Jane Stejskal (petitioners).  The sole remaining issue for decision is the proper amount of petitioners' cost of goods sold in light of the shrinkage to inventory suffered to the Kansas operation of their dietary supplement business.  We hold that while petitioners may subtract the amount of product that is no longer saleable from the ending inventory, they may not also add the same amount to product purchases in calculating their cost of goods sold.

## Background

These cases were submitted fully stipulated pursuant to Rule 122, and the facts are so found.[2]  The stipulations of facts and the accompanying exhibits are incorporated herein by this reference.  At the time of the filing of the petitions, petitioners resided in Corpus Christi, Texas.

---

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Petitioners operate a business selling dietary supplements and performing certain diagnostic services with operations in both Kansas and Texas. The business first operated as a C corporation and later as an S corporation. During the mid-1990s, petitioners began reporting their business activities to the Internal Revenue Service through a number of trusts including Total Health Center Trust, Country Rose Holding Trust, Bio-Active Kansas Trust, and Stejskal Enterprises Trust. In a stipulation of settled issues reached with respondent, petitioners now concede that these trusts should be disregarded for tax purposes, and that all income attributable to the trusts is properly reportable by petitioners on Schedule C, Profit or Loss From Business, of their individual return.

For the 2000 and 2001 tax years, petitioners reported the bulk of their business activities from both the Texas and Kansas operations under the Stejskal Enterprises Trust (SET). SET utilized a periodic inventory system. Petitioners' accountant, Janet Wilkerson, prepared separate trial balances for each of the Texas and Kansas operations. Ms. Wilkerson also made adjusting journal entries for each of the Kansas and Texas operations.

The adjusting journal entries for the Kansas operation for 2000 include the following entry (adjusting journal entry 18):

| Date | | Acct. No.# | Debit | Credit |
|------|--|-----------|-------|--------|
| 12/31/00 | Inventory | 10500 | | $48,257.92 |
| | Product purchases | 50000 | $48,257.92 | |

Ms. Wilkerson made this entry to adjust the Kansas inventory account in accordance with the actual physical count of ending inventory.  The $48,257.92 is the difference between the trial balance inventory of $171,448.06 and the physical count of inventory of $123,190.14 and reflects the reduction of inventory caused by the shrinkage, or spoilage, of SET's products.

On the Schedule C attached to SET's amended Form 1041, U.S. Income Tax Return for Estates and Trusts, for the 2000 tax year, petitioners reported the following amounts related to cost of goods sold for the Kansas and Texas operations:

| | |
|--|--|
| Beginning inventory (line 35) | $221,908 |
| Purchases (line 36) | 414,832 |
| Ending inventory (line 41) | 207,516 |
| Cost of goods sold (line 42) | 429,224 |

The ending inventory amount of $207,516 reported on line 41 of the Schedule C includes a reduction of inventory of $48,257.92 caused by shrinkage to the Kansas inventory and accounted for by adjusting journal entry 18.  The product purchases of $414,832 reported on line 36 of the Schedule C includes an increase to

purchases of $48,257.92 from adjusting journal entry 18.  The amount of purchases before the effect of adjusting journal entry 18 is $366,574.08.

## Discussion

This dispute centers on the proper treatment of petitioners' cost of goods sold for the 2000 tax year.  Petitioners maintain that their business suffered shrinkage of inventory in the amount of $48,257.92 and as a result the total cost of goods sold for 2000 is $429,224.  Respondent concedes that petitioners are permitted to adjust cost of goods sold by the amount of shrinkage suffered.[3]  However, respondent maintains that petitioners are double-counting the adjustment to cost of goods sold by including the $48,257.92 in the line 36 purchases at the same time as reducing the line 41 year end inventory by $48,257.92.  Thus, according to respondent, petitioners' product purchases should be $366,574 and petitioners' cost of goods sold should be $380,966.

In order to compute the gross income of a business, gross receipts are subtracted by the cost of goods sold.  Sec. 1.61-3(a), Income Tax Regs.  Cost of goods sold, in turn, is computed by subtracting the value of ending inventory for a year from the sum of beginning inventory and purchases during that year.  See

---

[3] While not at issue here, we note that sec. 471(b) permits estimates of inventory shrinkage that are confirmed by a physical count after the close of the taxable year.

Thor Power Tool Co. v. Commissioner, 439 U.S. 522, 530 n.9 (1979).

In this case, petitioners used a periodic inventory system which requires an adjustment to inventory at the end of the year to reflect the physical ending inventory count.  After performing the physical count, petitioners' accountant made an adjusting journal entry for shrinkage, reflecting a $48,257.92 credit to inventory and a $48,257.92 debit to product purchases. Petitioners' accountant then used the adjusting journal entry to reduce the trial balance of petitioners' yearend inventory by $48,257.92 and at the same time to increase the trial balance of petitioners' product purchases by $48,257.92.  The problem is, there is nothing in the record to suggest, and petitioners do not argue, that they actually purchased $48,257.92 of goods to replace the inventory that was lost.  And by including the $48,257.92 adjustment in purchases as well as ending inventory, petitioners increased their cost of goods sold reported on Schedule C (and reduced gross income) by double the amount of actual shrinkage their inventory suffered.  Thus, while it was proper to reduce the ending inventory by the amount of shrinkage, it was improper for petitioners to also increase the line 36 product purchases by the same amount.

Accordingly, we find that petitioners' product purchases for 2000 were $366,574, and their cost of goods sold was $380,966

($221,908 + $366,574 - $207,516 = $380,966).  To the extent an accuracy-related addition to tax was once at issue, respondent has stipulated that no addition to tax should be imposed with respect to adjusting journal entry 18, and thus we do not consider it.

To reflect the foregoing,

Decisions will be entered under Rule 155.